UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY JAMES HARON,<br><br>Defendant. | 4:16-CR-40080-01-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Anthony James Haron, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 88. Plaintiff, the United States of America, opposes the motion. Docket 93. For the following reasons, the court denies defendant's motion for compassionate release.

### BACKGROUND

Haron pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 38, 43. On March 20, 2017, this court sentenced Haron to 151 months in custody followed by 5 years of supervised release. Docket 64 at 2-3; *see also* Docket 63. The court later reduced Haron's sentence to 75 months in custody followed by 5 years of supervised release. Docket 87 at 2-3. Haron is eligible for home confinement on June 6, 2021, and his current anticipated release date is December 6, 2021. Docket 90 at 266. Haron is incarcerated at Federal Correctional Institution (FCI) Oxford. *Id.* at 21, 264.

Haron has a 7-year-old daughter. Docket 61 ¶ 64; Docket 88 at 1. Haron

claims that the mother of his daughter died in August of 2019. Docket 88 at 1. Haron states that the maternal grandmother and maternal aunt are currently in a custody dispute regarding Haron's daughter and his daughter's half-siblings. *Id.* On June 22, 2020, Haron filed a motion with the court for relief under the First Step Act. *Id.* at 1-2.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Haron argues that his family circumstances constitute "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 88 at 1. Haron requests a sentence of time served, home confinement, or extended time at a halfway house. *Id.* at 1-2.

## I.  Administrative Exhaustion

Previously, only the Bureau of Prisons (BOP) Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Haron claims that he submitted a request for compassionate release to his BOP facility on May 9, 2020. Docket 88 at 1. The United States claims he submitted a request for compassionate release on July 26, 2020. Docket 93 at 2. But there is no evidence in his BOP records of either requests. The court concludes, however, that it does not need to opine on whether Haron exhausted his administrative remedies because even if the administrative exhaustion requirements have been met and Haron's request may be considered, Haron is still not entitled to compassionate release.

## II.  Extraordinary and Compelling Reasons

In determining whether compassionate release is justified, the court

must consider the sentencing factors in 18 U.S.C. § 3553(a), determine whether "extraordinary and compelling reasons" warrant a sentence reduction, and evaluate whether a sentence reduction is consistent with the Sentencing Commission's applicable policy statements. *See* 18 U.S.C. § 3582(c). Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future.").

4

As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Haron has shown that his family circumstances rise to extraordinary and compelling circumstances.

Haron contends that his circumstances warrant relief under the family circumstances category, U.S.S.G. § 1B1.13 comment note 1(C). *See* Docket 88 at 1. To justify compassionate release under U.S.S.G. § 1B1.13 comment note 1(C), the defendant must demonstrate one of the following: (1) the death or incapacitation of the caregiver of the defendant's minor children or (2) the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

Haron claims that the mother of his minor child died on August 18, 2019. Docket 88 at 1. Although Haron's minor child is currently in the care and custody of relative caregivers, Haron's circumstances satisfy the criteria under U.S.S.G. § 1B1.13 comment note 1(C) and constitute as extraordinary and compelling reasons for compassionate release.

While Haron's family circumstances are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. The sentencing factors found in 18 U.S.C. § 3553(a) instruct this court to consider the applicable guidelines issued by the Sentencing Commission; "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence "to reflect the seriousness of the offense,

6

to promote respect for the law, and to provide just punishment for the offense;" to adequately deter criminal conduct, to protect the public; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Haron was involved in a conspiracy to distribute methamphetamine and heroin from 2013 to 2016; he was found responsible for distributing approximately 3,854.8 grams of methamphetamine and 70.87 grams of heroin. Docket 61 ¶¶ 5, 7, 19, 21. At his sentencing, Haron's total offense level was a 29, and he was in criminal history category VI. *Id.* ¶ 89. Haron's criminal history includes multiple convictions involving controlled substances. *Id.* ¶¶ 43, 48-51. In 2005, 2012, and twice in 2013, Haron was convicted of possession of a controlled substance in state court. *Id.* ¶¶ 43, 49-51. Haron committed this offense while he was serving a criminal sentence for one of his state convictions. *Id.* ¶ 54. Additionally, Haron has a federal conviction from 2007 for conspiracy to distribute and possession with intent to distribute a controlled substance. *Id.* ¶ 48. Haron's guideline range was 151 to 188 months. *Id.* ¶ 89. The court originally sentenced Haron to the bottom end of his guideline range to 151 months in custody. Docket 64 at 2; Docket 63. Later, the court reduced Haron's sentence to 75 months in custody. Docket 87 at 2. Haron's current sentence is already less than the offense's mandatory minimum of 120 months. *See* Docket 61 ¶ 88. Haron has served approximately 63% of his full term and approximately 73% of his statutory term. Docket 90 at 267. And while he appears, to his credit, to have worked on improving himself

7

in custody, the BOP found Haron's pattern risk level to be "High." *Id.* at 262. Overall, the amended sentence was chosen with care, considering Haron's and his community's needs and all of the other applicable sentencing factors. Therefore, the court finds that Haron's sentence of 75 months in custody with 5 years of supervised release continues to be appropriate for the seriousness of the crime to which he pleaded guilty.

## CONCLUSION

Haron's family circumstances are extraordinary and compelling circumstances under U.S.S.G. § 1B1.13 comment note 1(C), but the sentencing factors in § 3553(a) do not weigh in favor of a sentence reduction. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 88) is denied.

Dated September 30, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE